Northaleen **BONEY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20380.

United States Court of Appeals
District of Columbia Circuit.

Argued May 17, 1967.

Decided Aug. 31, 1967.

Petition or Rehearing En Banc Denied
Oct. 10, 1967.

Mr. Worth Rowley, Washington, D. C. (appointed by this court), for appellant.

Mr. Edward T. Miller, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN, Circuit Judge.

PER CURIAM.

█ Our indigent appellant was convicted on counts of assault and robbery. He appeals from the denial of his pretrial motion for a free transcript of his preliminary hearing. At the hearing on the motion, the district judge [1] told appellant's counsel:

> If you are merely asking for a transcript out of curiosity, I will deny it because it costs money. I am on the Budget Committee of the United States Courts. We are spending $300,000 on transcripts now.

The judge apparently believed that the Government should not incur the cost of providing a transcript unless appellant could make a particularized showing of need. We disagree. The cost of providing transcripts does not justify such a requirement.[2] The record does not suggest any basis for denying the motion.

█ It appears, however, that appellant sought the transcript to contest his identification as a participant in the assault and robbery. Since the Government's evidence on this point included testimony by four eyewitnesses, and since the evidence of guilt was otherwise overwhelming, we are constrained to hold that the erroneous denial of the motion for a transcript does not require reversal.

Affirmed.

WILBUR K. MILLER, Senior Circuit Judge, concurs in the result.

employ their own reporters. To create obstacles for indigent defendants "would be to permit invidious discrimination based on wealth." Id. at 219, 339 F.2d at 718.

---

1. The judge who denied the pretrial motion was not the judge who presided at trial.

2. See Washington v. Clemmer, 119 U.S. App.D.C. 216, 339 F.2d 715 (1964). Defendants who have funds are entitled to