**Larry Worth (Perkins) SHARBOR,
Petitioner,**

**v.**

**J. S. GATHRIGHT, Superintendent, Bland
Correctional Farm, Respondent.**

**Civ. A. No. 68–C–110–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Feb. 1, 1969.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Petitioner has filed a petition for habeas corpus pursuant to the provisions of 28 U.S.C. § 2241, requesting relief from a judgment entered by the Circuit Court of Washington County, Virginia, on December 4, 1967. That judgment recited that petitioner was found guilty of uttering a forged instrument and sentenced him to two (2) years in the state penitentiary. Petitioner is presently serving that two (2) year sentence.

Petitioner seeks relief in this proceeding on the following grounds:

(1) Petitioner was denied equal protection under the Fourteenth Amendment because he was denied a free transcript of the preliminary hearing of a prior proceeding in the Corporation Court of the City of Bristol.

(2) Petitioner was not warned of his constitutional rights before he was questioned by the police.

(3) Petitioner's conviction was based on inadmissible testimony.

Petitioner appealed his conviction to the Virginia Supreme Court of Appeals where the conviction was affirmed. Among other grounds, petitioner raised the same questions on his appeal as he now presents to this court. Thus, the highest court in Virginia has already ruled on the issues now before this court, and it is unnecessary for petitioner to again present the same issues to the state court in a habeas corpus proceeding. Grundler v. North Carolina, 283 F.2d 798 (4th Cir.1960). Therefore, petitioner has exhausted his remedies in the state courts as required by 28 U.S.C. § 2254 and is properly before this court.

The transcript of the evidence presented at petitioner's trial reveals that petitioner cashed a check in the amount of fifty-three dollars and ten cents at the Kroger Company near Bristol, Virginia. The check was a company payroll check drawn on the account of Bryant Sheet Metal Corp. and made payable to James Whitesides. The check was signed in the name of Joseph Bryant as an officer of Bryant Sheet Metal Corp. Avery Bryant, a co-owner of Bryant Sheet Metal Corp. testified that the corporation had no officer or employee named Joseph Bryant, no employee or associate named James Whitesides, and that the check cashed at Kroger's was not drawn by any authorized agent of Bryant Sheet Metal Corp. Avery Bryant and another employee of the corporation further testified that the check and stub had disappeared from the corporation's checkbook along with two other blank checks. The manager of Kroger's, Mr. Houser, who approved the check for cashing, identified petitioner as being the man who presented the check to him. Mr. Houser also testified that at the time the check was presented, it was endorsed in the name of James Whitesides and that upon a request for identification, petitioner showed Mr. Houser a South Carolina driver's permit in the name of James Whitesides.

Captain McDaniel of the Bristol, Virginia, Police Department testified that in October, 1967, he saw petitioner for the first time in the back seat of a city cab in Bristol, Virginia. On the floor of the cab, lying between petitioner's feet, Captain McDaniel found a South Carolina driver's license and two or three Naval Reserve identification cards in the name of James D. Whitesides. Captain McDaniel testified that when he asked petitioner who he was, petitioner identified himself as James D. Whitesides, and approximately two hours later at police headquarters, petitioner again identified himself as James D. Whitesides.

Fred Cullof, Deputy Sheriff with the Washington County Sheriff's Department, testified that before questioning petitioner in the Washington County Sheriff's office, he advised petitioner that petitioner was entitled to remain silent, that he was entitled to counsel whether or not he could afford to employ an attorney, and that any statements made by petitioner could be used in court against him. Mr. Cullop then

testified that petitioner stated he had cashed the above mentioned check at Kroger's in Bristol and that he had endorsed the check in the name of James D. Whitesides.

▇▇ Petitioner's first ground for relief is that he was denied equal protection of the law because he was not given a transcript of the preliminary hearing in a proceeding in the Bristol Corporation Court. This court notes that the preliminary hearing referred to was not part of the proceedings which petitioner now challenges; furthermore, the preliminary hearing was in a different court. As authority for his contentions, petitioner refers this court to the case of Roberts v. LeVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). In Roberts, a New York statute provided that a transcript of the preliminary hearing in a defendant's case will be furnished for a certain fee. The petitioner in Roberts had requested a transcript of the preliminary hearing to be furnished at state expense, but the trial court had refused. The United States Supreme Court held that the New York statute resulted in a discrimination in access to instruments needed to vindicate legal rights based on the financial condition of the defendant, and therefore was repugnant to the Constitution. The instant case clearly does not fall within the rule set down in Roberts. There is no similar statute in the State of Virginia. Petitioner in the instant case did not request a transcript of any hearing in the proceedings before the Washington County Circuit Court; he requested a transcript of a hearing in a separate action brought in another court for a different crime. It is impossible to see how such a transcript was necessary to vindicate petitioner's legal rights. Petitioner had every right to summons any witness who might have aided his defense at his trial in the Washington County Circuit Court. If petitioner considered testimony presented at some separate hearing to be important in his defense, he should have summoned the witnesses needed. The court

sees no unfairness in the trial court's refusal to supply petitioner with the requested transcript. Petitioner was represented by competent counsel who could have interviewed any witnesses who had testified at the prior hearing held in the Bristol Corporation Court. As stated by Mr. Justice Harlan in his dissent in Roberts, it would be unwise to require the State to supply free to indigents any document related to the criminal process, no matter how demonstrably trivial its significance. This court in the instant case is not sure that the document requested was even "related to the criminal process."

▇▇ As his second ground, petitioner alleges that he made incriminating statements to the police which were later used at the trial and that such statements were made before the police informed him of his constitutional rights to remain silent and to be represented by counsel. The incriminating statement petitioner refers to is his statement made to Sheriff McDaniel that he was James D. Whitesides. This statement was made while petitioner was sitting in the back seat of the taxi cab when Captain McDaniel first arrived. Captain McDaniel had made no arrest and was not interrogating petitioner; he only asked petitioner who he was. Escobedo and Miranda have not gone so far as to hold that a police officer cannot ask a suspicious individual his name before fully informing him of his constitutional rights. Furthermore, petitioner again asserted his identity to be that of James D. Whitesides at the police headquarters two hours later after he had been informed of his constitutional rights. The court is of the opinion that petitioner's second ground is clearly spurious and completely without merit.

Having decided that the testimony of Captain McDaniel was not inadmissible, it is unnecessary for the court to discuss the third ground presented by petitioner, i.e. that Captain McDaniel's testimony was the only evidence presented at the trial to prove that petitioner knew

the check had been forged. The court does note that petitioner apparently disregards the testimony of Mr. Cullop to the effect that petitioner admitted that he himself forged the endorsement of William D. Whitesides on the check, which testimony if believed by the jury was alone sufficient to prove petitioner's guilt.

The court finds that petitioner was competently represented by counsel and was arrested and tried in a fair and just manner, being guaranteed the full protection of his constitutional rights by both the trial court and the investigating officers.

Therefore, for the above reasons, it is adjudged and ordered that the relief requested should be and hereby is denied, and the petition is dismissed.

The clerk of this court is directed to send copies of this opinion and judgment to the petitioner and to the respondent.