**People of the State of Illinois, Plaintiff-Appellee, v. Lafayette Hubbard, Defendant-Appellant.**

Gen. No. 52,094.

First District, Third Division.

March 6, 1969.

Rehearing denied March 20, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Harold A. Cowen, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Theodore A. Shapero, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Defendant Hubbard was indicted for the crime of burglary. He was tried by the court without a jury, found guilty and sentenced to the State Penitentiary for not less than three nor more than eight years.

Defendant by his appointed counsel contends that he was denied a constitutional right when the court denied his motion for a copy of the transcript of the preliminary hearing at which he was held over to the grand jury and that the hearing in aggravation and mitigation did not satisfy the statutory requirements. The defendant pro se also filed a brief unbeknownst to his appointed counsel or the State's Attorney, in which he argues that the indictment was insufficient and that the court erred in denying defendant's motion in arrest of judgment.

Quizzola Brooks testified that on April 20, 1966, she awoke to find defendant touching her bed in the apartment occupied by her and her family. The defendant said he wanted money. She said she had no money and had thirteen children. He then said that he had to do this for his living as he had "seven kids." Members of Mrs. Brooks' family subdued the defendant and held him until the police arrived. Mrs. Brooks' nephew, Hicks, testified that while they were waiting for the police to arrive, defendant told them all about his children. Defendant later testified that he had no family of his own and was not married.

It would serve no useful purpose to further discuss the facts of this case as the points raised do not question the sufficiency of the evidence.

Defendant's first contention is that he was denied his constitutional rights in that he was not furnished a copy of the transcript of the preliminary hearing. Section 102–17 of the Criminal Code, Ill Rev Stats, 1965, c 38, par 102–17, provides that a preliminary examination means a hearing before a judge to determine if there is probable cause to believe that the person accused has committed an offense. The motion for a copy of the transcript was presented by the Public Defender on August 17, 1966, the date the defendant was tried in the Circuit Court, Criminal Division. Defendant relies upon Rob-

erts v. LaVallee, 389 US 40, 88 S Ct 194, wherein the petitioner, an indigent, was charged in the New York courts with robbery, larceny and assault. His clear and unequivocal request for a free copy of a preliminary hearing transcript was denied even though a New York Statute provided for the furnishing of such a transcript for a fee. This denial was held to be a denial of the defendant's right to equal protection of the laws since the statute created differences in legal access to such a transcript based upon the financial situation of the accused. The LaVallee decision is inapplicable to the instant case because there is no such statute in Illinois which provides for the furnishing of a preliminary hearing transcript for a fee or otherwise. An Illinois Supreme Court Rule (Ill Rev Stats 1965, c 110, § 101.27 (9)(b)) provides only for a transcript to be furnished an indigent of the proceedings of the trial in which the indigent was convicted.

The defendant also relies on Griffin v. Illinois, 351 US 12, 100 L Ed 891, in support of his contention that the preliminary hearing transcript should have been furnished. A similar argument was advanced in People v. Morris, 30 Ill2d 406, 197 NE2d 433, and the Supreme Court rejected such an extension of Griffin which would impose a constitutional duty to provide indigent persons with a free transcript of a preliminary hearing. The Court said at page 411:

> "A preliminary hearing in Illinois is not a 'critical stage' where rights or defenses must be raised or lost, and neither is it a proceeding at which pleas are made or received. Rather, the scope and purpose of preliminary proceedings are in general to ascertain whether a crime charged has been committed and, if so, whether there is probable cause to believe that it was committed by the accused, (14 ILP, Criminal Law, Sec 171). Even then a finding of prob-

able cause is not binding upon a subsequent grand jury."

Mr. Justice Schaefer, specially concurring, stated that where a court reporter was present at the preliminary hearing, the rule announced in Griffin required the furnishing of a transcript upon request. In the case at bar, the record does not disclose whether such a reporter was present.

■■ However, we need not only rely upon the aforementioned authority in order to reject this argument advanced by the defendant. On the morning of the trial's commencement, the defendant unequivocally informed the court that he wished to withdraw his motion which asked for a transcript of the preliminary hearing. Such a withdrawal constitutes a waiver of the point he now relies upon for reversal. Furthermore, the defendant filed a document entitled "Motion to Stay Proceedings and Motion for Dismissal" which was signed by the defendant and sworn to by him in open court. In this document the defendant stated that he was bound over to the grand jury without the appearance of witnesses or the arresting officer. If no testimony was heard at the hearing, we cannot see what a transcript of the preliminary hearing could contain which would be of any advantage to the accused. Therefore, under the circumstances, the defendant could not have been prejudiced by the action of the trial court.

■ The defendant next argues that the hearing in aggravation and mitigation did not satisfy the statutory requirements as interpreted by case law. The record shows that the defendant is a high school graduate, served in the Navy and received an honorable discharge, was articulate and employable. He was twenty-eight years of age. He argues that the court gave no heed to the suggestion of the defendant's attorney that he receive treatment aimed at curing rather than merely

punishing the defendant. The basis for this argument is the contention by the defendant that he acted somewhat erratic in that he had testified that he gave a drink to strangers on the street prior to his entrance in the Brooks' apartment and that he told the complaining witness and other State witnesses about having a large family to support, all of which would serve only to increase the danger of being apprehended. It is further contended that this conduct all points to an emotional disturbance which needed treatment. However, the defense fails to consider that the defendant was being held by members of the victim's family and could not have escaped the danger of being apprehended. His past record of being a high school graduate, of having been honorably discharged from the Navy, and of being articulate and employable all militate against the defendant's being in need of treatment by professional healers. The court in People v. Lillie, 79 Ill App2d 174, 223 NE2d 716, states at page 179:

> "Advances in the fields of psychology, psychiatry and sociology have contributed to a greater understanding of the motives underlying the commission of criminal offenses, and the techniques and methods which are of value in the rehabilitation of offenders. The hope of earlier release is a great incentive to a prisoner to participate in the educational and rehabilitation programs provided in modern penal institutions."

The defendant in this case may still avail himself of the educational and rehabilitation programs offered by the State.

The defendant also argues that the hearing in mitigation was violative of section 1-7(g) of the Criminal Code of 1961 as amended, which provides as follows:

84

> "For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

It is argued that the purpose of modern day penology is the rehabilitation of the offender as well as the protection of society. (People v. Donovan, 376 Ill 602, 35 NE 2d 54.) At the hearing in aggravation and mitigation the State presented the following: In 1961, the defendant was fined $100 by Judge Morrissey for a sex offense. Two months later the defendant was fined $100 for another sex offense by Judge Wachowski. In January, 1962, the defendant was given 30 days in the House of Correction by Judge Comerford for criminal trespass to an auto. In 1962, he was given 90 days in the House of Correction by Judge Morrissey for criminal damage to property. On February 6, 1963, the defendant pleaded guilty to robbery and was sentenced to the Illinois State Penitentiary for a term of one to six years by Judge Boyle. He was paroled on April 8, 1966. On April 30, 1966, 22 days after his parole, the defendant committed this present offense of burglary.

 In determining an appropriate penalty, the court owes a duty to the public as well as to the accused and should weigh and consider pertinent facts including the nature of the offense and the attending circumstances. People v. Harden, 78 Ill App2d 431, 222 NE2d 693. In People v. Evrard, 55 Ill App2d 270, 274, 204 NE2d 777, the court said:

> "The court must strive to render a judgment which will adequately punish the defendant for his miscon-

duct, safeguard the public from further offenses, and reform and rehabilitate the offender into a useful member of society."

In a plea in mitigation, the Public Defender stated to the court that the defendant was single and was never married. He also told the court that the defendant was the father of one child who was ten years old.

■ We are of the opinion that the court in this case properly considered evidence as to the moral character, life, family, occupation and criminal record of the offender in aggravation and mitigation of the offense as provided by section 1–7(g) of the Criminal Code and the sentence is appropriate.

■ ■ We now turn to the pro se brief of the defendant. The indictment in this case charged the defendant Lafayette Hubbard with having committed the offense of burglary on April 30, 1966, in Cook County, Illinois, in that he, without authority, knowingly entered into the dwelling house of Quizzola Brooks, with the intent to commit the crime of theft therein, in violation of chapter 38, section 19–1, of the Ill Rev Stats 1963, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois. The defendant cites the case of People v. Peters, 10 Ill2d 577, 141 NE 2d 9, which involved an information charging the defendant, who was not a regular licensed attorney in Illinois, with knowingly and willfully representing himself as authorized to practice law. The court held that the Act under which the information was filed did not specify or spell out what constituted representing oneself directly or indirectly as authorized to practice law. In that same case, however, the court did say the following on page 580:

> "As a general rule it is sufficient in an indictment or information to state the offense in the language of the statute in those cases where the statute clearly

defines the offense. (Gallagher v. People, 211 Ill 158.)"

The defendant argues that the indictment here did not define the word theft or describe the acts constituting the offense created thereby. In People v. Reed, 33 Ill2d 535, 538, 213 NE2d 278, it was said:

"In United States v. Harriss, 347 US 612, 617, 98 L Ed 989, 996, the United States Supreme Court stated that, 'The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.' We do not agree with defendant's contention that the words 'without authority' and 'theft' as they appear in section 19-1(a) are so difficult of comprehension that they could not be reasonably understood by a man of ordinary intelligence without further definition. (Citation.) Rather, we think that any person of ordinary intelligence, after reading section 19-1 (a), could readily understand what conduct was proscribed by that section. We conclude, therefore, that the statute is constitutional and that the indictment is not void insofar as it employs the language of section 19-1(a)."

The argument of defendant that the indictment was defective in that it was vague and did not describe the acts constituting the offense is therefore not well taken.

The defendant pro se also argues that in a burglary indictment the street address of the place burglarized is an essential element. In support of this contention, he cites People v. Williams, 30 Ill2d 125, 196 NE2d 483, which affirmed an order to quash an indictment for burglary which stated only that a building owned by a named person and allegedly entered, was situated in

Cook County, holding that such an indictment did not give the defendant sufficient information to prepare his defense. The Supreme Court in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97, stated that it had re-examined the opinion in People v. Williams, supra, and were of the opinion that it was incorrect and accordingly overruled People v. Williams. The overruling of the Williams case was adhered to by the Supreme Court in People v. Reed, 33 Ill2d 535, 213 NE2d 278. See also People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323, affirmed 34 Ill 2d 179, 214 NE2d 765.

The defendant pro se also raises the point that the court erred in denying the oral motion in arrest of judgment, which contention was urged by the defendant relying upon the purported insufficiency of the indictment. Since the form of indictment in this case has been upheld by the Supreme Court in People v. Reed, 33 Ill2d 535, 213 NE2d 278, as heretofore mentioned, the point is not well taken.

Judgment affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.