**Harold L. GARDNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Richard GREEN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**George L. TURNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 21405–21407.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 24, 1968.

Decided Jan. 8, 1969.
Certiorari Denied May 19, 1969.
See 89 S.Ct. 1757.

Mr. Bernard Dunau, Washington, D. C. (appointed by this court), for appellants.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, McGOWAN and ROBINSON, Circuit Judges.

BAZELON, Chief Judge:

Appellants seek reversal of their convictions for assault with intent to rob. The evidence against them was simple, direct and overwhelming. The victim, one Richard Ferguson, testified that appellant Turner approached him as he was walking along a downtown street at 10:30 p. m. and said, "Give me a quarter." Ferguson refused. Thereupon the other appellants and a fourth man not a party to this appeal instructed him to "give the man a quarter." Ferguson complied. Thereupon each of the others insisted on a quarter for himself. Ferguson refused. Thereupon the four men hustled Ferguson into a nearby parking lot where, in back of the attendants' shack, one held his hands behind him while the others began to search his pockets. Ferguson cried for help. Thereupon appellant Gardner struck Ferguson in the mouth "for hollering."

Thereupon, however, two policemen rushed up. They arrested three of the four assailants on the spot. The fourth, appellant Gardner, had to be chased down the street before he too succumbed to arrest. Both policemen testified that they had seen the entire incident from an unmarked car parked across the street. Appellants, each in turn, denied any involvement either with Ferguson or with each other.

The convictions are appealed only because of a disturbing irregularity in the administration of justice in this case. On May 10, 1967, the District Court granted the motion of trial counsel for appellant Green (who was not his counsel at the preliminary hearing) for preparation of a transcript of the preliminary hearing. The Court of General Sessions returned the request with the notation: "This hearing was held without the presence of a Court Reporter, therefore it was not reported." Appellant then moved unsuccessfully to quash the indictment. The hearing on his motion produced unalloyed confusion as to (1) whether a reporter was or was not present; (2) if not, whether appellant Green had requested a reporter; and (3) if a reporter was present, whatever became of his notes. The one clear fact is that no one could discover any record of the proceedings.

■■■ Appellants had a right to a written transcript upon request. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); Washington v. Clemmer, 119 U.S.App.D.C. 216, 218–219 and n. 7, 339 F.2d 715, 717–718 and n. 7 (1964). Timely objection to denial of this right requires reversal of a conviction if an accused was prejudiced by the denial. Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894, cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed. 2d 964 (1965).

■■■ In the instant case, appellants' only substantial claim of prejudice is that they were unable to impeach the complaining witness by any inconsistent statements he might have made at the preliminary hearing. Assuming that this disability could qualify as prejudice in view of the purposes of a preliminary hearing,[1] we conclude that it did not do so here. Ferguson's simple testimony was fully corroborated by the two eyewitnesses in every respect save the appellants' specific demand for money. Appellants say they might have been able to cast doubt on the proof of their intent to rob. But their defense was not the implausible claim that they intended only an assault as they rummaged

---

1. See Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967); Dancy v. United States, 124 U.S.App.D.C. 58, 361 F.2d 75 (1966); Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894, cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965); Washington v. Clemmer, 119 U.S.App.D.C. 216, 339 F. 2d 715 (1964).

through Ferguson's pockets. They denied all involvement. "[W]e are unwilling to rest a finding of prejudicial error on sheer speculation that appellant[s] may have had a better alibi which [they] kept to [themselves]." Blunt v. United States, 131 U.S.App.D.C. 306, 404 F.2d 1283 (decided October 2, 1968). Thus, finding the error harmless, we affirm the convictions.

However, the possibility that a reporter was not even present at the preliminary hearing is a cause for grave concern. In Washington v. Clemmer, *supra,* we observed that the absence of a record of a preliminary hearing

> makes it difficult, if not impossible, to review the * * * finding of probable cause. And verbatim recording of testimony at an early stage of the process perpetuates the fresh memory of witnesses, making it available in case of subsequent death, disability, or flight, and allowing impeachment or refreshing of recollection at trial. Accordingly, early recording also serves to discourage threats against witnesses and suborning of perjury.

> And even if the absence of a transcript might ultimately be found not prejudicial, obviously it is not possible to predict such an eventuality, and the Commissioner should therefore ordinarily grant a request for a reporter.

119 U.S.App.D.C. at 218, 339 F.2d at 717. For these reasons, we invoked "our supervisory power over the administration of criminal justice in the District of Columbia to require stenographic recording of testimony at the preliminary hearing." *Id.*

■ The rampant confusion in the present case as to what happened in the Court of General Sessions, compounded by conflicting and blurred recollections, gives substance to our worst fears about the consequences of failing to record a preliminary hearing. In some cases denial of a written transcript may in fact

be harmless error.[2] But where, in contrast to the unusual circumstances of this case, there is any colorable claim of prejudice, it will be impossible for us to find the error harmless if there is no authoritative way for us to discover what actually transpired. Moreover, whereas an erroneous denial of a written transcript is generally remediable, a prejudicial failure even to record the proceedings may often be incurable. Therefore, especially in view of the constitutional status accorded an indigent's right to a transcript by Roberts v. LaVallee, *supra,* it now appears essential that *every* preliminary hearing be transcribed, whether by court reporter or by tape recording, regardless of whether any request for transcription is made. In the exercise of our supervisory responsibility we so instruct the courts and Commissioners of the District of Columbia. It is expected that appropriate procedures will be taken to assure that transcriptions once made are preserved.

Affirmed.

---

2. In addition to the instant case, see Boney v. United States, 128 U.S.App.D.C. 279, 387 F.2d 237 (1967), cert. denied, 390 U.S. 967, 88 S.Ct. 1077, 19 L.Ed.2d 1170 (1968).