COMMONWEALTH *vs.* RONALD L. SHEA.

Norfolk.    October 7, 1969. — October 30, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, &
REARDON, JJ.

*Motor Vehicle*, Citation for violation of motor vehicle law. *Practice,
Criminal*, Stenographer. *Witness*, Expert. *Evidence*, Opinion: expert.

proceedings taken by a stenographer provided at his own expense," it was error requiring a new trial of a criminal complaint tried without a court appointed stenographer for the judge to refuse to allow a stenographer present provided by the defendant at his own expense to record or to make written notes of the proceedings. [360–361]

There was no error at the trial of a complaint for operating a motor vehicle while under the influence of intoxicating liquor in the denial of a motion to strike all the testimony of a police sergeant, who had taken a course of instruction in the operation of a "breathalyzer" and had used it in connection with many tests and had administered a test to the defendant, notwithstanding short-comings revealed with respect to the sergeant's knowledge and skill in administering tests. [361]

COMPLAINT received and sworn to in the District Court of East Norfolk on July 5, 1968.

Upon appeal to the Superior Court the case was tried before *Snow, J.*, a District Court judge sitting under statutory authority.

The case was submitted on briefs.

*Francis X. Bellotti* for the defendant.

*Joseph R. Welch,* Assistant District Attorney, for the Commonwealth.

SPALDING, J. The defendant was tried and convicted under a complaint charging him with operating a motor vehicle while under the influence of intoxicating liquor. G. L. c. 90, § 24.

There was evidence of the following: The defendant was arrested in Randolph and taken to the Randolph police station. At the time and place of the arrest no citation was given to him. Thereafter he was taken to the Blue Hills Division of the Metropolitan District Commission Police where a "breathalyzer" test was administered. Following the test, the defendant was returned to the Randolph police station. At that time, according to the defendant, he was given the citation.[1]

1. The defendant moved for a directed verdict on the ground that there was no compliance with G. L. c. 90C, § 2, requiring the original of the citation to be given to a defendant at the time and place of the violation. He also

---

[1] The arresting officer could not recall whether the citation was given to the defendant before or after the "breathalyzer" test was administered.

presented certain requests for rulings based on the same ground. Both the motion and the requests were denied, subject to the defendant's exceptions. There was no error. In *Commonwealth* v. *Gorman*, decided this day, *ante*, 355, we held that an arrest in circumstances like the present for an automobile law violation does not require the giving of the citation as required by G. L. c. 90C, § 2. The case at bar does not differ in any essential particular from the *Gorman* case and is governed by it. That the defendant was subsequently given a copy of the citation, rather than the original, does not differentiate the case at bar from the *Gorman* case in any significant respect. The rationale of that case is that the arrest makes notice unnecessary.

2. There was no court appointed stenographer at the trial in the Superior Court. The defendant, however, at his own expense had employed the services of a stenographer "who was present in the courtroom for the purpose of recording a transcript of the proceedings." The judge, subject to the defendant's exception, refused to allow the stenographer to record or to make written notes of the proceedings. There is nothing to indicate that the stenographer was not competent and the judge did not base his ruling on this ground. This ruling was erroneous.

General Laws c. 221, § 91B, inserted by St. 1965, c. 585, in pertinent part, reads: "At any hearing or proceeding in connection with a criminal case . . . at which a court appointed stenographer is not present, the defendant . . . may have the proceedings taken by a stenographer provided at his own expense. The judge . . . shall provide a suitable place in which such stenographer may hear and take notes of all testimony, arguments and rulings."

The statute gave to the defendant the right to have a stenographer present when the court has failed to provide one if he is willing to incur the expense. The use of the word "may" does not warrant a construction that a defendant may have a stenographer only in the court's discretion. "May" simply makes clear that a defendant is not required to hire a stenographer, but has the option to

do so if he sees fit. Any other interpretation would do violence to the plain meaning and sound policy of the statute. Without a stenographic record, the prosecuting of an appeal in which questions of evidence, questions relating to the charge, and the propriety of rulings and instructions and the like are involved is hazardous. It opens the door to conflicting versions of what occurred at the trial, and the failure to settle these questions satisfactorily might often result in a miscarriage of justice. It is conceivable that the defendant in fact suffered no prejudice by the lack of a stenographic record, but as to that we can only speculate. Without such a record the showing of prejudice is rendered difficult. We prefer to resolve any doubts on this score in favor of the defendant. Accordingly, there must be a new trial.

3. Sergeant McDonough, called by the Commonwealth, testified concerning the "breathalyzer" test which he administered to the defendant. He stated that he had taken a forty hour course of instruction on the operation of the "breathalyzer" machine and had used it in connection with 100 tests. The judge, accordingly, had sufficient basis for finding, as a preliminary question of fact, that this witness was qualified to testify as an expert. *Commonwealth* v. *Monahan*, 349 Mass. 139, 165. Following a cross-examination of this witness, which revealed some short-comings with respect to his knowledge and skill in administering the test, the defendant moved that all of his testimony be struck. This motion was denied, subject to the defendant's exception. There was no error. Such infirmities as were shown in the knowledge and skill of the witness did not put his testimony out of the case, although it might have affected its weight. *Commonwealth* v. *Peterson*, 348 Mass. 702, 705.

4. The defendant's exceptions to the refusal of the judge to give certain instructions need not concern us. Discussion of some of them has become unnecessary by what has been said elsewhere in this opinion; others are of the sort not likely to arise at a new trial.

*Exceptions sustained.*