COMMONWEALTH *vs.* DONALD A. KING.

Suffolk. October 7, 1969. — December 9, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Appeal with assignments of error, Transcript of evidence, Judicial discretion. *Constitutional Law,* Equal protection of laws.

The disposition of a motion that a criminal trial on a charge other than murder or manslaughter be made subject to G. L. c. 278, §§ 33A–33G, rests in the discretion of the judge, and denial of such a motion by an indigent defendant did not deny him equal protection of the laws. [498]

In the circumstances this court, on its own responsibility, vacated a denial by the judge in a criminal case of a motion by an indigent defendant to be provided a transcript of the trial without cost, and ordered that the transcript be so furnished for the purpose of a bill of exceptions or report. [498–499]

INDICTMENTS found and returned in the Superior Court on September 5, 1967.

The cases were tried before *Hudson,* J.

*John P. White, Jr.,* for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. The defendant was charged on September 5, 1967, in indictments numbered 31,222, 31,223 and 31,224 with the respective crimes of assault and battery by means of a dangerous weapon, namely, a "straight" razor; mayhem; and assault with intent to rob while armed. Upon arraignment he was given court appointed counsel because of indigence.[1]  On March 19, 1968, there were verdicts of guilty on indictments 31,222 and 31,224. He was acquitted on indictment 31,223. On March 20, 1968, he was sentenced to the Massachusetts Correctional Institution at Walpole, for concurrent terms of not more than eighteen years, nor less than fourteen years on indictment numbered 31,224, and of not more than five years nor less than three years on indictment numbered 31,222.

The defendant pro se filed (1) on March 26, 1968, a "late motion" (described in the bill of exceptions as filed "seasonably") to make the trial subject to G. L. c. 278, §§ 33A–33G, and (2) on May 6, 1968, a motion for the entire trial transcript, without cost. After hearing, the trial judge denied both motions on May 24, 1968, subject to exceptions.[2] These are the sole issues presented in this bill of exceptions.

There was a conflict between the defendant and his trial counsel. Upon the defendant's request new counsel was appointed to represent him on his motions.

The defendant's trial counsel had saved exceptions to the introduction of evidence. These exceptions are not set forth in the bill, which contains all the evidence material to the issues raised. The defendant also testified in his own behalf, and admitted ownership of the "straight edge" razor involved, and striking the complaining witness with that razor.

The defendant's contention that his late filing of the motion that the case be made subject to G. L. c. 278, §§ 33A–33G, was seasonable is correct. *Commonwealth* v. *Silvia*, 343 Mass. 130, 133. However, his contention that the denial of the motion denied him equal protection of the laws

---

[1] It is stated in both briefs that a member of the Massachusetts Defenders Committee was appointed.

[2] On May 2, 1969, a bill of exceptions on the denial of these motions was allowed.

is erroneous.   Section 33A (as amended through St. 1955, c. 352, § 1) provides in part, "In any proceeding or trial upon an indictment for murder or manslaughter or, by order of the court, upon an indictment or complaint for any other felony . . . made subject to this and the six following sections, the evidence taken as above provided shall be transcribed in such number of copies as the court may direct." The defendant was not tried for murder or manslaughter. All other felonies must be made subject to §§ 33A–33G by a discretionary order of the court.   *Guerin* v. *Commonwealth*, 337 Mass. 264, 267.   *Commonwealth* v. *Silvia*, 343 Mass. 130, 132.   This is the effect of the legislative history.   The original enactment in St. 1925, c. 279, § 1, was confined to murder and manslaughter, but was extended on a discretionary basis to all felonies by St. 1926, c. 329, § 1.   This extension was pursuant to a recommendation of the Governor, acting on the "Special Report of the Judicial Council as to Expediting the Decision of Questions of Law in Criminal Cases," which stated: "There are great delays in complying with the present practice as to drawing up bills of exceptions. In that connection the Council suggests that it is worth while to provide that in drawing a bill of exceptions . . . the defendant be allowed to use the stenographic report (where the evidence has been taken by a stenographer) without change . . . ."   Second Report of the Judicial Council, November, 1926, Appendix A, at page 81.

By St. 1954, c. 187, § 1, § 33A was made applicable to "any proceedings or trial upon an indictment or complaint for any felony and for any misdemeanor tried with a felony." The mandatory provision was substituted for the discretion of the judge as to certain offences.

By St. 1955, c. 352, § 1, § 33A was amended to read in part, "In any proceeding or trial upon an indictment for murder or manslaughter or, by order of the court, upon an indictment or complaint for any other felony, and a misdemeanor tried with such felony made subject to this and the six following sections, the evidence taken . . . [by an official stenographer or court appointed stenographer] shall

be transcribed in such number of copies as the court may direct." This was brought about on recommendation of the Judicial Council. The Judicial Council stated: "This requirement of an order of court is eliminated by the . . . [1954] act . . . thus inviting unnecessary congestion in, and burden on, the Supreme Judicial Court when efforts are being made to reduce congestion in all courts. . . . We think the act should be amended to restore the discretion of the trial judge and avoid unnecessary waste." Thirtieth Report of the Judicial Council, for 1954, at page 8.

It is apparent that the new procedure was to provide a more efficient means of review. It did not spring from the indigence of a defendant. Availability of this method of review depends upon the appropriateness of this procedure in the individual case as determined by judicial decision (except in murder and manslaughter cases), not upon the financial status of the defendant. Provision is made by § 33B for the indigent defendant whose trial is made subject to §§ 33A–33G.

The mere fact that the motion to make the case subject to §§ 33A–33G was denied did not deny the defendant the equal protection of the laws.

There remains for consideration the other motion to provide a transcript. The defendant's trial counsel saved some exceptions to the introduction of evidence but for some reason, which we might infer, no bill was filed. No effort has been made to show us their content or their number. It would have been the duty of trial counsel to provide any information present counsel might request of him, which might enable present counsel to assist the court. As it is, we are presented an argument clouded in the deepest obscurity, which is the obvious intention.

The fact remains that the defendant and his present counsel cannot present his exceptions. The production of a transcript would enable this to be done or it would demonstrate beyond all doubt that there are no valid exceptions. We are not disposed to decide the motion against him because he disagreed with his trial counsel.

Accordingly, on our own responsibility we vacate the action of the Superior Court in denying the motion and order that a transcript be given the defendant without cost and a reasonable provision be made for allowing a bill of exceptions or a report of the case.

The exception to the denial of the motion to make the case subject to G. L. c. 278, §§ 33A–33G, is overruled.

*So ordered.*