250 So.2d 701

Ronald WILLIAMS

v.

Joseph JASPER, Judge, etc.

Ex parte Ronald Williams.

Wayland BRYANT

v.

Joseph JASPER, Judge, etc.

Ex parte Wayland Bryant.

6 Div. 845, 846.

Supreme Court of Alabama.

April 29, 1971.

Drake & Knowles, University, for petitioners.

William J. Baxley, Atty. Gen., for respondent.

SIMPSON, Justice.

Petitioners insist that, being indigents, they are entitled to a free copy of the proceedings on preliminary hearing. Petitioners rely on Roberts v. LaVallee, Warden, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) where the Supreme Court of the United States held in a case coming to it from New York, that the State was compelled to furnish an indigent with a free copy of such transcript. It must be noted, however, that New York had a statute which provided that a transcript of the hearing would be furnished " 'on payment of * * * fees at the rate of five cents for every hundred words.' " (N.Y.Code Crim.Proc. § 206).

The pertinent language of the decision is:

"Our decisions for more than a decade now have made clear that differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution [citations omitted], that 'to interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws.' We have no doubt that the New York statute * * * as applied to deny a free transcript to an indigent, could not meet the test of our prior decisions."

The real question is whether or not the above decision means that a state is constitutionally required to provide that transcripts of preliminary hearings be made and to furnish an indigent a free copy of such transcripts, or whether the constitutional requirement is that if a transcript of a preliminary hearing is provided for by statute (or otherwise), a free copy must be furnished indigents.

In 1969 the Legislature of Alabama repealed a statutory requirement that transcripts of preliminary hearings be made. (Title 15, § 135 et seq., repealed by Act 1106, September 12, 1969.) Under present Alabama Law, therefore, there is no statutory provision for such transcripts.

Various courts have interpreted Roberts v. LaVallee in various ways. Gardner v. United States, 132 U.S.App.D.C. 331, 407 F.2d 1266 (1969) will serve as an example of one view. There Chief Judge Bazelon interpreted the case to mean that a preliminary hearing transcript must be made, saying:

"In some cases denial of a written transcript may in fact be harmless error. But where, * * * there is any colorable claim of prejudice, it will be impossible for us to find the error harmless if there is no authoritative way for us to discover what actually transpired. Moreover, whereas an erroneous denial of a written transcript is generally remediable, a prejudicial failure even to record the proceedings may often be incurable. Therefore, especially in view of the constitutional status accorded an indigent's right to a transcript by Roberts v. LaVallee, supra, *it now appears essential that every preliminary hearing be transcribed, whether by court reporter or by tape recording, regardless of whether any request for transcription is made.* In the exercise of our supervisory responsibility we so instruct the courts and Commissioners of the District of Columbia. * * * *" (Emphasis added.)

In People of State of Illinois v. Hubbard, 107 Ill.App.2d 79, 246 N.E.2d 44, Illinois in 1969 presents an opposite interpretation of LaVallee. There the defendant contended that he was denied a constitutional right when the court denied his motion for a copy of the transcript of the preliminary hearing at which he was bound over to the grand jury. The Illinois court said:

"Defendant's first contention is that he was denied his constitutional rights in that he was not furnished a copy of the transcript of the preliminary hearing. Section 102–17 of the Criminal Code, Illinois Revised statutes, 1965, Chapter 38, Par. 102–17, provides that a preliminary examination means a hearing before a judge to determine if there is probable cause to believe that the person accused has committed an offense. The motion for a copy of the transcript was presented by the Public Defender on August 17, 1966, the date the defendant was tried in the Circuit Court, Criminal Division. Defendant relies on Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41, wherein the petitioner, an indigent, was charged in the New York Courts with robbery, larceny and assault. His clear and unequivocal request for a free copy of a preliminary hearing transcript was denied even though a New York Statute provided for the furnishing of such a transcript for a fee. This denial was held to be a denial of the defendant's right to equal protection of the laws since the statute created differences in legal access to such a transcript based upon the financial situation of the accused. *The LaVallee decision is inapplicable to the instant case because there is no such statute in Illinois which provides for the furnishing of a preliminary hearing transcript for a fee or otherwise.* An Illinois Supreme Court Rule * * * provides only for a transcript to be furnished an indigent of the proceedings of the trial in which the indigent was convicted. [Emphasis added.]

"The defendant also relies on Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, in support of his contention that the preliminary hearing transcript should have been furnished. A similar argument was advanced in People v. Morris, 30 Ill.2d 406, 197 N.E.2d 433, and the Supreme Court rejected such an extension of Griffin which would impose a constitutional duty to provide indigent persons with a free transcript of a pre-

liminary hearing. The Court said at page 411, 197 N.E.2d at page 436:

"'A preliminary hearing in Illinois is not a "critical stage" where rights or defenses must be raised or lost, and neither is it a proceeding at which pleas are made or received. Rather, the scope and purpose of preliminary proceedings are in general to ascertain whether a crime charged has been committed and, if so, whether there is probable cause to believe that it was committed by the accused * * *. Even then a finding of probable cause is not binding upon a subsequent grand jury.'

"Mr. Justice Schaefer, specially concurring, stated that where a court reporter was present at the preliminary hearing, the rule announced in Griffin required the furnishing of a transcript upon request. In the case at bar, the record does not disclose whether such a reporter was present."

We agree with the Illinois Court that *LaVallee* is inapplicable in the present cases, because there is no longer any statutory requirement that a transcript of preliminary hearings be made in Alabama. A court reporter was present at the request of the petitioners, not at the request of the State. (See also: Sharbor v. Gathright, D.C., 295 F.Supp. 386, where the court said the rule in Roberts v. LaVallee was inapplicable because "There is no similar statute in the State of Virginia.")

The view taken by the Illinois Court in People v. Morris, supra, apparently was that a free transcript must be supplied under *Griffin* in those states where the preliminary hearing is a "critical stage" in the criminal process. That court concluded that the preliminary hearing in Illinois was not a critical stage in the criminal process.

The decision of the Supreme Court of the United States in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) seems clearly to say that the preliminary hearing is a critical stage of the criminal process in this state, requiring the appointment of counsel for indigent defendants.

However, we do not read *Griffin* as apparently the Illinois Court did, to mean that that is a factor which determines whether the State must provide some means of preserving the testimony for distribution free to indigents upon request. Indeed, it was twice noted in the course of the various opinions in Coleman that no record of transcript of any kind was made of the preliminary hearing. The defect which the Supreme Court found there, however, was not in the State having failed to provide a transcript of the proceedings, but in having failed to appoint a lawyer on preliminary hearing.

We agree with the Court of Criminal Appeals that since Alabama has no statutory provision for the making of transcriptions of the proceedings had on preliminary hearing, Roberts v. LaVallee is inapplicable.

Petitions denied.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.