COMMONWEALTH *vs.* DAVID A. MALLOY. March 10, 1983. The defendant appeals from convictions of driving while under the influence of intoxicating liquor, and driving without a license, entered upon the verdicts of a jury of six. 1. The judge did not abuse his discretion in denying the defendant's extraordinary motion for a continuance of the trial for a period of one year on the ground of prejudice arising from publicity and public concern about drunken driving. None of the material offered in support of the motion was shown to be directed to this particular defendant. See *Commonwealth* v. *Golston,* 373 Mass. 249, 258-259 (1977), cert. denied, 434 U.S. 1039 (1978). In any event, the judge did inquire into the ability of the jurors to discharge their duties impartially. See G. L. c. 234, § 28. Cf. *Commonwealth* v. *Vitello,* 367 Mass. 224, 236 (1975). 2. The judge could decline in his discretion to ask the jurors the specific question whether they had sat on drunken driving cases; he inquired more generally whether they could act impartially. See *Commonwealth* v. *Cameron,* 385 Mass. 660, 667 (1982). 3. The defendant attacked the way in which a qualified police officer administered the breathalyzer test to him, but there was no showing of such fault as might warrant allowance of a motion to suppress the results of the test or to exclude that evidence at the trial; the weight of the evidence was for the jury. See *Commonwealth* v. *Shea,* 356 Mass. 358, 361 (1969). 4. Motions for a required finding of not guilty, and a motion for a new trial, were properly denied.

*Judgments affirmed.*

*Sumner H. Smith* for the defendant.
*Lila Heideman,* Assistant District Attorney, for the Commonwealth.