226 So.2d 671

**Kenneth CLAYTON**

v.

**STATE.**

**7 Div. 936.**

Court of Appeals of Alabama.

Sept. 9, 1969.

---

128

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

Clayton was convicted of assault with intent to murder Willis C. Summerlin. He was sentenced to five years in the penitentiary.

Tendencies of the State's evidence were that Clayton was a passenger in an automobile which drove up to Summerlin's house. Summerlin testified that (R. 7) "about 5:30 in the evening a car pulled up and blowed the horn." Going outside, Summerlin was confronted by Clayton who got out of the car with a rifle which he pointed at Summerlin. While Summerlin attempted to push the gun away, the rifle fired and a shot hit Summerlin in the kneecap.

Clayton did not take the stand as a witness in his own behalf. His counsel at-

John S. Casey, Heflin, for appellant.

tempted to show that Summerlin and Mrs. Summerlin had made statements inconsistent with their testimony at the trial. The trend of such inconsistencies would have been to set up accident as a defense.

The first point on appeal in appellant's brief is set out:

"In the instant case the Appellant was indicted by the grand jury on November 14, 1967, at a time when he was a patient in the Cleburne County Hospital. He was brought before the court below and arraigned on December 11, 1967, at which time he requested and was granted counsel to represent and defend him. He was discharged from the hospital on December 18, 1967, and placed on trial December 19, 1967, after his motion for a continuance was overruled by the court below."

We have carefully considered the text of the motion for continuance but note that no affidavits are attached thereto, nor is there anything in the record to show that Clayton's doctors testified in support of the motion as to his being physically unable to participate in the preparation of his defense to the indictment.

▮ Hence, we consider it unnecessary to go beyond the general rule that a reversal because of the refusal of the trial judge to grant a continuance requires a positive demonstration of abuse of judicial discretion.

▮ Clayton plead not guilty by reason of insanity, as well as the general issue. The plea of not guilty by reason of insanity should properly be filed in writing, or made orally, under Code 1940, T. 15, § 422. Thomas v. State, 255 Ala. 632, 53 So. 2d 340. Such a plea puts a statutory burden upon the defendant to convince the jury to their reasonable satisfaction that he was at the time of the crime insane within the meaning of our cases.

To support this plea there was testimony by Clayton's father to the effect that he, Clayton, was "different" in that at times as a child he would go to some neighbors and forget to come home. Although the father whipped him for such lapses, Clayton would go right back and do the same thing again. The father did not know how to name all of the other things which to him indicated his son was not normal. Mrs. Audrey Curley, Clayton's first cousin, testified that as a child Clayton seemed always to want to be by himself; he lied to play hooky from school; she classified him as an introvert.

We note that neither of these two lay witnesses gave any opinion as to Clayton's ability to distinguish between right and wrong.

The defense called Dr. Franklin Mercer. The State admitted his qualifications, although we cannot tell whether he was called as a physician merely or as a physician specializing in psychiatry. Smith v. State, 38 Ala.App. 161, 82 So.2d 299. We consider that the tendency of the evidence would support the former classification.

Dr. Mercer's testimony is as follows:

"BY MR. CASEY:

"Q   This is Dr. Franklin Mercer?

"A   That is correct.

"Q   You are a duly licensed, practicing physician in Cleburne County?

"A   Yes, sir.

"MR. WILLIAMS: We will admit Dr. Mercer's qualifications.

"Q   Have you had occasion to treat a patient by the name of Kenneth Clayton?

"A   That is correct.

"Q   When did you first see him?

"A   On 10/23/67, at 5:30 p. m. in the Emergency Room at Cleburne County Hospital.

"Q   Now, have you been treating him since that time?

"A   That is correct. He was discharged from the hospital yesterday, the 18th.

"Q Did you see him during this period of time?

"A Either I or one of my partners saw him.

"Q During this period of time when you were treating him, did you have an opportunity to make any kind of evaluation, any kind of psychiatric evaluation of him in any way?

"A Yes, sir, I did, during the course of treatment make a psychiatric diagnosis.

"Q If you would, tell us what you found; what your diagnosis was?

  *  *  *  *  *  *

"A The diagnosis we made was sociopathic personality. The old term is psychopathic.

"Q This indicates something abnormal mentally with a man; is that correct, sir?

"A That is correct. We feel like it is more of a personality defect than it is on a mental basis, of course.

  *  *  *  *  *  *

"Q Doctor, if you would, tell us what a sociopathic personality is, in layman's terms, if you can, where we can understand?

"A Well, a psychopath, or sociopath is, as we see it, an individual that has, if you can imagine, no conscience. It is someone without a conscience, so to speak. As we see it, they don't have feelings that we do and, for instance, say they run a stop sign. I think most of us would have a guilty feeling about running a stop sign. A sociopath has no feelings whatsoever; it doesn't bother him one way or the other. I think this is probably the simplest explanation that I could make. It is much deeper than that; but it is someone without a conscience, so to speak.

  *  *  *  *  *  *

"CROSS EXAMINATION
"BY MR. WILLIAMS:

"Q As I understood you to say, just as I wrote it down, a sociopath has a personality defect rather than a mental defect?

"A No, sir, it is not on a mental basis.

"Q But it is not what you call a mental defect?

"A As we say 'mentally defective'?

"Q Yes, sir.

"A That is correct; it is not a mental defect.

"RE-DIRECT EXAMINATION

"BY MR. CASEY:

"Q But it is a state of mind; it is mental in nature?

"A Maybe I can put it this way. We divide psychiatric disorders into two categories. One is psychoneurotic and the other is psychotic. A psychotic individual is very immature. Psychoneurosis is a minor disease as far as we see the individual in relation to others; but the sociopath falls in the catagory of psychoneurotic, not psychotic. I can explain, maybe, by saying that a psychotic individual has unreal feelings. He sees things that are not there; hears things that are not there, where a psychoneurotic has none of these things. He has nervousness. So, it is sort of arbitrary, the grouping of the psychoneurotic by putting the sociopath in that category; but it is a psychiatric disorder.

"Does this help any?"

At the conclusion of the testimony, the trial judge, in the course of his general charge, stated "I charge you that you cannot return a verdict in favor of the defendant by reason of insanity." To this direction of verdict, counsel excepted.

■ In Powell v. Texas, 392 U.S. 514, 536, 88 S.Ct. 2145, 20 L.Ed.2d 1254, the di-

versity among the various states as to the degree of acceptance of the concept of insanity as a defense to crime was recognized almost as a necessary consequence of the multifariousness shown among medical writers on the subject. If United States v. Currens, 3 Cir., 290 F.2d 751 were controlling in this jurisdiction, then, perhaps, the trial judge in the instant case would have been required to refer the determination of insanity vel non to the jury. However, we believe that our Supreme Court has, as a matter of law, rejected the notion of moral idiocy (or sociopathic or psychopathic personality) as not being available as a defense. See Reedy v. State, 246 Ala. 363, 20 So.2d 528.

As stated by the Maryland Court of Special Appeals in Bergin v. State, 1 Md.App. 74, 227 A.2d 357, any modification of rule as to the defense of insanity "is a prerogative of the legislature and not of the courts."

Accordingly, the judgment below is due to be

Affirmed.