239 So.2d 223

**John Henry COLEMAN and Otis Stephens**

v.

**STATE.**

**6 Div. 316.**

Court of Criminal Appeals of Alabama.

Sept. 1, 1970.

Hogan, Wilder Tarter & Wininger, Birmingham, for appellants.

McDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

PER CURIAM.

The Supreme Court of the United States having vacated the judgments of conviction herein, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 this Court now remands the cause to the Jefferson Circuit Court for proceedings consistent with the opinion of that Court.

Remanded with directions.

CATES, Judge (dissenting).

I have read all seven opinions of the eight judges of the Supreme Court who voted on this cause, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387.

At the risk of being portrayed in the role of Sancho Panza, to extend the meta-phor used by Mr. Justice Stewart, I conclude that the object of remand as stated by the opinion of Brennan, J., is infeasible.

First, Code 1940, T. 15, § 135[1] has been taken by most magistrates to be directory only. See annotations in Michie's 1958 Code. A matter which the Supreme Court of the United States considers of such importance should not be merely relegated to the usual verbal hurly burly, particularly of self-serving convict witnesses, exhibited by post-conviction hearings on coram nobis. Trying to reconstruct what happened in 1966 would be merely solving a non-problem.

Second, Act No. 526, September 16, 1963, § 1 provides for appointment of counsel in non-capital criminal cases for indigents charged in the circuit (or equivalent) courts or those others from which a direct appeal lies to this Court.[2] It follows, therefore, that counsel cannot be appointed except by such courts. No contention is made that the preliminary hearing of instant concern was had in the Jefferson County Circuit Court.

We have been ordered by the majority opinion, Part III, to apply the so-called harmless error "test enunciated in Chapman v. Calif., 386 U.S. 18, [87 S.Ct. 824, 17 L.Ed.2d 705]." This I take also to embrace Harrington v. Calif., 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284: " * * * the probable impact of [error] on the minds of an average jury."

All that I can envisage as the outcome of having the circuit court enquire as to whether or not Coleman and Stephens

1. Coleman's and Stephen's examination occurred before repeal. See Act No. 1106 approved September 12, 1969.

2. All direct criminal appeals now come to this Court. Act 987, September 12, 1969, § 2.

were "otherwise" prejudiced by the absence of counsel at the preliminary hearing, would be some kind of a rehash involving cross-examination of the State's witnesses proved to have testified at the preliminary hearing. What new evidence this rerun would uncover, of course, I cannot know. If, however, some prosecution witness testified at the preliminary but not before the petty jury it is conceivable that remandment might elicit some new aspect of the State's case.

I believe that all that will result in the future will be either a preliminary hearing before a court with power to appoint counsel for indigents or else prosecutors will deny all hearings before indictment. See Ex parte Simpson, 3 Ala.App. 222, 57 So. 518. In Braden v. State, 45 Ala.App. 186, 227 So.2d 816 we wrote:

"Some attempt appears in the record to have been made to claim error because of the absence of a preliminary hearing. See Code 1940, T. 15, § 128 et seq.

"Preliminary examination is laid down as a mode of determining the regularity of detention before (i. e. without) indictment. See Ex parte Thaggard, 42 Ala. App. 229, 159 So.2d 813, affirmed 276 Ala. 117, 159 So.2d 820. However, if the magistrate holds no preliminary examination, a prisoner's proper praecipe for a writ is one for mandamus, not for habeas corpus. Ex parte Simpson, 3 Ala. App. 222, 57 So. 518; State v. Humphrey, 125 Ala. 110, 27 So. 969; State v. Richburg, 42 Ala.App. 495, 168 So.2d 628(3). "Upon indictment by a properly chosen grand jury, then a determination of there being probable cause has been made so as to hold the accused to answer to a petty jury. Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed 283.

"In United States ex rel. Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 460, 70 L.Ed. 875, we find per Holmes, J.:

" 'The Constitution does not require any preliminary hearing before a person charged with a crime against the United States is brought into the Court having jurisdiction of the charge. There he may deny the jurisdiction of the Court as he may deny his guilt, and the Constitution is satisfied by his right to contest it there. * * *' "

To compound matters, Alabama has no commission of jail delivery.

Emphatically, I find nothing in the myriad opinions that would authorize quashing the indictments.

Hence, I think the puzzle is capable of being decided in this Court without need for the circuit court's developing evidence which can only be in the realm of what might have been had there been lawyers for the defendants at the preliminary examination.

If there is validity to Part II of the opinion of Brennan, J., then the following analysis demonstrates the futility of remandment:

1. Erroneous or improper prosecution. This point seems moot in view of the petty jury's verdict. The cases are replete with aphorisms that the probable cause to bind an accused over to a grand jury does not have to rise to the degree of moral certainty of guilt.

2. Impeachment on trial of indictment by use of seeming contradictions in testimony at preliminary examination. Theoretically, this could be an aid. However, no court reporters are available in most courts. To impeach it is axiomatic that the cross examiner must pose virtually in haec verba the prior testimony. See Blanks v. State, 30 Ala.App. 519, 8 So.2d 450.

3. Preparation for trial. Here counsel apparently had knowledge of line-ups and confessions because, after indictment, the circuit court held a day long pre-trial hear-

ing that resulted in the suppression of the confessions.

4. Psychiatric examination or bail.

a) Psychiatric examination directly can only be ordered by a circuit judge. Hence, though some vague clues might be found at a preliminary, mental responsibility is not an issue and, hence, on objection, evidence tending to show insanity would be irrelevant and, therefore, inadmissible. Moreover, Alabama does not recognize moral idiocy (e. g. United States v. Currens, 3 Cir., 290 F.2d 751) as constituting an excusing mental disease or defect. Thus, a history of prior crimes would not be directly relevant to insanity. Reedy v. State, 246 Ala. 363, 20 So.2d 528; Clayton v. State, 45 Ala.App. 127, 226 So.2d 671.

b) Bail. Refused or excessive bail is always examinable by habeas corpus.

Accordingly, I would say here and now that beyond a reasonable doubt these two defendants were not prejudiced by lack of counsel. To revert to an earlier figure of speech, perhaps I tilt at windmills. At least, if I had my way, I would affirm on remandment so that Mr. Justice Blackmun could serve as a tie breaker. If carried to its logical reduction, Part II of the Supreme Court's opinion will either lead to a dearth of lawyers or preventive incommunicado detention.