250 So.2d 699

Ronald WILLIAMS

v.

JASPER, Circuit Judge.

6 Div. 221.

Court of Criminal Appeals of Alabama.

Feb. 2, 1971.

Rehearing Denied Feb. 2, 1971.

Drake & Knowles, University, for petitioner.

No brief for respondent.

CATES, Judge.

On January 6, 1971, we dismissed without opinion an original petition for mandamus asking us to order the Honorable Joseph Jasper as the cognizant Judge of the Tenth Judicial Circuit (Birmingham Division) to order that petitioner Williams have a free transcript of a preliminary hearing said to have been held October 20, 1970, in another court apparently under the supervisory powers of the Circuit Court. Judge Jasper had denied such a request November 24, 1970.

We quote from the instant petition, in part:

"That after his said arrest and incareration, [sic], Petitioner was found to be an indigent and counsel; was appointed for him by the appropriate court of the Tenth Judicial Circuit of Alabama.

"That appointed counsel represented Petitioner at a preliminary hearing which ended on, to-wit, October 20, 1970. after three days of testimony; that, numerous witnesses were examined and cross-examined by the state and defense counsel; that most, if not all of this testimony, will be critical in importance to the preparation and trial of any case which arises out of the arrest.

"That appointed defense counsel, prior to the preliminary hearing, made an appropriate motion to Jefferson County Judge Guin and Hawkins asking that the state furnish a court reporter to transcribe the testimony at said preliminary hearing; that said judges denied said motion; and, that appointed counsel consequently procured the services of Mr. Jerry Minatra, a duly qualified freelance court reporter who did take verbatim transcript of the testimony.

"That your Petitioner now has different but still free legal counsel representing him.

"That Defendant was bound over to the Jefferson County Grand Jury at the conclusion of said preliminary hearing and was indicted by said jury for, to-wit, assaulting a police officer with a deadly instrument.

"That a copy of said transcript of said preliminary hearing is necessary for defense counsel to prepare for trial; that said testimony will also be valuable to defense counsel at trial for impeachment purposes, and that, further, said transcript is necessary in preparation for any collateral attack upon said preliminary hearing.

"That Petitioner, as an indigent, does not have sufficient financial resources to pay said court reporter to produce a copy of the transcript and that unless the State furnishes him a copy of said transcript, he will be denied access to needed instruments for his defense solely because of his financial situation.

"That Petitioner filed a motion for a free transcript of the preliminary hearing in this action with the Hon. Joseph Jasper, Judge of the Tenth Judicial Circuit of Alabama (a copy of said motion is attached as Petitioner's Exhibit 1.); that, said motion was denied by Judge Jasper in an order dated November 24, 1970 (a copy of said order is attached as Petitioner's Exhibit 2.); that, further, as a part of said order Judge Jasper denied Petitioner's Petition for a Writ of Habeas Corpus and that denial is before this Court by appeal in separate proceedings.

"That Judge Jasper, in denying said motion, gave as reason therefore that there were no funds provided for the preparation of said free transcript; that said reason is not valid for denial of Petitioner's constitutional rights; but, that said money could validly come from the 'solicitor's fund' of Jefferson County or from the Jefferson County general treasury."

On rehearing we have been cited to Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41, and Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. See also Coleman v. State, 46 Ala. App. 737, 239 So.2d 223.

By reason of the repeal of Code 1940, T. 15, § 135 (Act 1106 of September 12, 1969), there is no longer any duty imposed on the committing magistrate to reduce to writing the testimony of the witnesses examined by him. No provision is made for a court reporter in Act 95, July 1, 1965 ('65 Acts p. 120), which established the Criminal Court of Jefferson County.

Roberts v. LaVallee, supra, was premised on a N.Y. statute, Code, Crim.Proc. § 206, which apparently required the attendance of a court reporter at the preliminary hearing. Alabama has no such general statute except for circuit courts. Most preliminary hearings are in courts below the circuit court[1].

If the petitioner on his main trial of the indictment should think that a State's witness is testifying discrepantly from his evidence at the preliminary hearing the defense can subpena Mr. Minatra as a witness as to what he heard and recorded in the Criminal Court. Also the subpena can be made to call for his bringing his shorthand notes to court.

The application for rehearing is:

Overruled.

---

1. In Boulden v. State, 278 Ala. 437, 179 So.2d 20, we find Bloodworth, J. then at nisi prius sitting as a committing magistrate. This procedure has the advantage of bringing the prisoner before a judge who has, in a case of indigency, unquestioned statutory power to appoint him an attorney.
   In the rare event of counsel's being recalcitrant, the appointing power also carries with it the sanctions of contempt and disbarment. Act 526, September 16, 1963.