**Ronald WILLIAMS, Petitioner-Appellant,**

v.

**Mel BAILEY et al., Respondent-Appellee.**

No. 72-1629

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

June 16, 1972.

Rehearing and Rehearing En Banc Denied July 17, 1972.

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Ralph I. Knowles, Jr., Drake, Knowles, & Still, University, Ala., for petitioner-appellant.

William J. Baxley, Atty. Gen., J. Victor Price, Jr., Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

■ Williams was convicted in the state court of Alabama of assaulting a police officer with a deadly weapon. As an indigent he had asked for and been denied a free copy of the transcript of testimony at his preliminary hearing. On certiorari to the Supreme Court of Alabama the relief he sought was denied. Williams' appeal on the merits from his conviction is presently pending and undecided in the Alabama Court of Criminal Appeals.

Williams sought habeas relief in the district court asserting that his equal protection and due process rights had been denied. The district court held that habeas relief is not available to a state prisoner until his conviction has become final. We affirm.

"While the federal constitutional question which * * * [he presents] in this federal habeas proceeding may not be available to * * * [him] on * * * [his] state appeal, that appeal may result in reversal on some other ground, thereby mooting the federal question." Davidson v. Klinger, 9 Cir. 1969, 411 F.2d 746. Moreover, federal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids.

Finally, we are not satisfied that on Williams' appeal on the merits the Alabama appellate courts will not consider the question of actual injury if it can be demonstrated that on the trial Williams suffered prejudice by not having the preliminary hearing transcript. This question could not have been presented on mandamus prior to trial.

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge

in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.