**Carl Main BENTLEY, Petitioner-Appellant,**

v.

**Clarence JONES, Sheriff, Respondent-Appellee.**

**No. 72–1969**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1972.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Criminal Appeals when it considers the pending appeal. Bryant v. Bailey, 464 F.2d 560 (5th Cir. 1972) [1972]; Williams v. Bailey, 463 F.2d 247 (5th Cir. 1972) [1972]; Kirby v. Sutton, 436 F.2d 1082 (5th Cir. 1971); Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970). The judgment of the district court is affirmed.

Carl Main Bentley, pro se.

John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Bentley was convicted of robbery by assault in a Texas state court. His sentence was enhanced to a life term by a prior burglary conviction. Appeal of the more recent conviction is now pending before the Texas Court of Criminal Appeals. Meanwhile as an indigent, Bentley petitioned first the state trial court and later the Texas Court of Criminal Appeals for a free transcript of his prior conviction, hoping to use the transcript to demonstrate the constitutional infirmity of the prior conviction and hence its unavailability for enhancement purposes. To date there has been no ruling on these petitions according to the record before us.

Bentley next sought relief [1] in the district court on the grounds that his equal protection and due process rights have been denied by the state's failure to provide the requested transcript. The district court properly ruled that he has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b). The transcript question may yet be adequately resolved by the Texas Court of

1. Bentley's pro se petition is inartfully drawn but he sought an order from the district court directing the state trial court to furnish him with a trial transcript. We have considered his pleading as in the nature of a petition for a writ of habeas corpus.