313 So.2d 203

**Ricky MALLORY**

v.

**STATE.**

**6 Div. 831.**

Court of Criminal Appeals of Alabama.

March 18, 1975.

Rehearing Denied April 22, 1975.

Michael Crespi, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for the State.

TYSON, Judge.

The Grand Jury of Jefferson County, Alabama, charged Ricky Mallory with the robbery of Eunice Elizabeth McDonald by taking $78.30 from her person. The Jury found the appellant guilty as charged and fixed punishment at fifteen years imprisonment. The trial court then entered judgment, setting sentence in accordance with this verdict. The appellant is in this Court with a free transcript and with experienced court-appointed counsel.

The indictment arose from an incident occurring at Andy's 7–11 in Jefferson County, Alabama. Eunice Elizabeth McDonald was in charge of the store on Monday, October 30, 1972. She, her daughter, and a customer, Mr. Bates, were in the store. Each of them identified the appellant at trial as being one of three men who came in the store on this date and bought a package of cigarettes. One of the other men bought an "icee." This transaction lasted about five minutes.

On Wednesday, November 1, 1972, appellant and the same two black men re-

turned to the store. Appellant drew a pistol and told Mrs. McDonald "This is a hold-up." She and her daughter were behind the counter at the time. The shortest of the trio had a sawed-off shotgun, which was also pointed at them. The man with the shotgun told her to "sack-up" the money. She complied with this demand. She gave them $78.00 and some cents.

A customer came into the store and was told to surrender his billfold. He also complied. Mrs. McDonald said that appellant then pulled the phone from the wall.

Mr. Don Bates testified that he was in Andy's 7–11 on October 30, 1972. He was there at about 8:00 p. m., or 9:00 p. m., and saw appellant and two black males come out of the store and join another black. They got into a "banged-up" white Ford automobile. He followed them for a few blocks and copied the model of the car and its license number on a piece of paper. He returned to the store and gave Mrs. McDonald this information.

Mrs. McDonald's daughter, Sarah McDonald Clements, corroborated the events of October 30, and November 1, 1972, at Andy's 7–11.

Samuel J. Bailey of the Birmingham Police Department received a call at about 11:00 p. m., on November 1, 1972, about the automobile involved in the robbery. He went to the vicinity of the fifteen and sixteen hundred blocks of 20th Place in Ensley and saw a car matching the description of the vehicle used in the robbery. He and his partner hid in some nearby bushes for about forty-five minutes. No one approached the car. They then called a wrecker to have the car taken away. When the wrecker arrived, appellant came out of an apartment across the street. Bailey stated that he resembled the man described in the robbery. He was then arrested and put in a police car and given his "Miranda rights."

On voir dire examination, Bailey said that after the appellant was given his "Miranda rights," he was asked who had last used the car. Appellant replied that the car had not been used, and that he had not been out that evening. Appellant also testified on voir dire and stated that he was never given his rights. He said he came out of the apartment to see why the wrecker was removing the car. The police then pulled their guns on him and shined flashlights in his face. He said he told the police that he had used the car to take someone to the liquor store about 4:00 p. m., and later took a friend to Powderly, which takes about fifteen minutes.

The trial court overruled appellant's motion to suppress the statement that the car had not been used and that appellant had not been anywhere. The court ruled that the statement was not inculpatory, but, rather, was exculpatory. Officer Bailey then related the statement to the jury. Appellant then moved to exclude the State's evidence.

Appellant called Sarah McDonald Clements. She was asked if she recalled giving testimony at a preliminary hearing. She stated that this was the first time she had seen appellant since the robbery. All she could remember about his features was his height. However, she did pick him out of some mug shots at the police station two days after the robbery.

Ira Shuford testified that he played basketball with appellant near appellant's apartment on November 1, 1972. They played from about 4:30 p. m. until about 9:30 p. m. Appellant did not leave before then. Appellant's brother came for him at about 9:40 p. m., and appellant left in the car with Clarence Jennings.

Appellant then testified. He said he went to the gym and played basketball at about 5:00 p. m. on November 1, 1972. At about 10:00 p. m. he took Clarence Jennings to Powderly, then returned at a little after 10:00 p. m. and went into the apartment. A short time later a friend told him that the police were towing away his car. He went out to inquire into the actions of the police.

He then testified with regard to the encounter with the police. This testimony is the same as that which he gave on voir dire earlier in the trial. He admitted that he had been convicted of burglary in 1971, on cross-examination.

I

■ The appellant first contends that he was denied equal protection of law due to the "one for one" jury strike procedure used in Jefferson County, Alabama, in accordance with Section 714, Volume 14, Appendix, Code of Alabama 1940, applicable to counties with a population of 400,000 or more. The appellant contends that other counties are governed by the provisions of Title 30, Section 64, Code of Alabama 1940, in their jury strike procedure, which allows the defendant two jury strikes on each strike for the State.

Appellant urges this Court to reexamine our prior opinions on this subject indicating that his client, as an indigent, is disadvantaged by this procedure in the Birmingham Division of Jefferson County, and therefore denied equal protection of law.

The constitutionality of this section was approved by this Court in Dixon v. State, 27 Ala.App. 64, 167 So. 340, cert. denied 232 Ala. 150, 167 So. 349. We believe the rationale of *Dixon* to be equally applicable today since the basic factors of increased crime in the more populous areas of this State, and, indeed, all communities throughout the country as a whole, is true today as when *Dixon,* supra, was first written. We do not agree with appellant's argument that, because the State is represented by a well-manned district attorney's staff, while defendants are represented by individual practitioners the State is thereby given an advantage. The State's cases are assigned to those in the trial division of the district attorney's office, and, moreover, due to the turnover in this office, it is not likely that any individual attorney would become so familiar with individual jurors in a large metropolitan area as to be placed in an advantageous position over an individual practitioner.

Further, this Court has reviewed very recently, the assertion of the denial of equal protection of law, in an opinion by Mr. Justice Almon, then Judge Almon of this Court, in Junior v. State, 47 Ala.App. 518, 257 So.2d 844, cert. denied 288 Ala. 744, 257 So.2d 852. The *Junior* opinion was followed by this Court in Slaughter v. State, 47 Ala.App. 634, 259 So.2d 840, cert denied 288 Ala. 751, 259 So.2d 845; and Bryant and Williams v. State, 49 Ala.App. 359, 272 So.2d 286, cert. denied 289 Ala. 740, 272 So.2d 297, cert. denied 412 U.S. 922, 93 S.Ct. 2744, 37 L.Ed.2d 149.

We therefore conclude that the appellant was not here denied the equal protection of law by virtue of the jury strike method employed in the Birmingham Division of Jefferson County.

II

Appellant had moved to suppress his alleged statement to Officer Bailey during trial, and took the stand on voir dire examination outside the presence of the jury to deny that he was given a "Miranda warning." Officer Bailey, however, testified that he did give the appellant this "Miranda card warning" and the record so reflects.

The appellant also contended, that he had either been at his home or playing basketball at a recreation center near his home the entire evening in question, with the exception of two brief instances when he used the car to drive friends on brief errands.

After hearing the evidence for both the State and the appellant, the trial court ruled that the appellant's statement was "exculpatory" and not "inculpatory," and therefore overruled the appellant's motion to suppress (R. p. 104).

■ We have carefully examined this voir dire examination, and we agree with

the trial court's determination that the appellant was here properly advised of his "Miranda rights," and such statement was shown to be voluntary. This is implicit in the trial court's ruling in this cause.

We therefore determine that the trial court correctly submitted this matter to the trial jury. Crowe v. State, 54 Ala.App. 121, 305 So.2d 396; Simmons v. State, 54 Ala. App. 291, 307 So.2d 96, and authorities therein cited.

### III

■ Sarah McDonald Clements testified in the State's case in chief. She was examined by State's Attorney, Mr. Garrett. Thereafter, this same witness was recalled by the appellant after the State rested. On cross-examination by the State, she was questioned by another State Attorney, Mr. Tucker. The appellant objected to this procedure, stating that such was a violation of Circuit Court Rule 18, Title 7, Code of Alabama 1940. The trial court overruled this objection, and we are of the opinion that this was within the discretion of the trial court, particularly where, as here, the appellant was the party who had recalled this witness to the stand. State v. Walker, 281 Ala. 182, 200 So.2d 482, and authorities therein cited.

### IV

Mr. Justice Harwood, then Harwood, P. J., of the former Court of Appeals, in Tunstill v. State, 33 Ala.App. 460, 34 So.2d 857, cert. denied 250 Ala. 421, 34 So.2d 859, observed:

" . . . Thomas v. State, 91 Ala. 34, 9 So. 81, 82, contains an excellent discussion by Justice McClellan of the offense of robbery. Therein he defines robbery to be 'a felonious taking of goods from the person of another, or in his presence, against his will, by violence, or putting him in fear. And this violence must precede or accompany the stealing.' In Hardis v. State, 28 Ala.App. 524, 189 So.

216, 217, in discussing the offense of robbery Judge Samford wrote: 'As defined by our decisions, robbery is an offense against both person and property, and is briefly defined as the felonious taking of money or goods of value from the person of another, or in his presence, by violence or by putting him in fear. Parks v. State, 21 Ala.App. 177, 106 So. 218.' "

■ We are of the opinion that the State here presented a prima facie case of robbery, which, when tested by the appellant's motion to exclude, was properly submitted to the trial jury. Lambert v. State, 48 Ala.App. 600, 266 So.2d 812; Moore v. State, 48 Ala.App. 719, 267 So.2d 509; Clay v. State, 52 Ala.App. 272, 291 So.2d 364.

### V

■ Finally, appellant contends that his client was here denied due process and equal protection of law because his request filed prior to trial for a free transcript of the evidence of a previous trial, which resulted in a mistrial, was denied by the trial court.

It should be here noted that the same attorney, who now represents the appellant on this appeal, represented the appellant at both prior aborted trials, and on the trial of this cause, which resulted in this appeal. He is an experienced and able attorney.

Counsel was candid enough to admit that he did not, on the trial of this cause, attempt to subpoena the court reporter who transcribed either of the prior trials, which culminated in a mistrial involving this appellant. Nor has he made a showing as to why he failed to subpoena the court reporter in question at trial.

In light of the above, we are of the opinion that the appellant has failed to show that he suffered "prejudice" constituting actual injury. Williams v. Bailey, 5 Cir., 463 F.2d 247; Bryant v. Bailey, 5 Cir., 464 F.2d 560.

The prior opinions of this Court require that counsel subpoena the court reporter at the prior proceeding, and thereby present such matters as may be desired. Williams v. Jasper, 47 Ala.App. 91, 250 So.2d 699, cert. denied 287 Ala. 237, 250 So.2d 701.

We are of the opinion that the trial court here properly denied appellant's motion. Bryant and Williams v. State, 49 Ala.App. 359, 272 So.2d 286, cert. denied 289 Ala. 740, 272 So.2d 297, cert. denied 412 U.S. 922, 93 S.Ct. 2744, 37 L.Ed.2d 149.

After careful examination of this record, as required by law, we find same to be free from error. The judgment appealed from is therefore due to be and the same is hereby

Affirmed.

All the Judges concur.