Mary Louise Dozier, the appellant, was convicted in 1990 on two separate indictments charging the unlawful distribution of cocaine and was given concurrent sentences of 20 years' imprisonment. Those convictions were reversed on direct appeal because of the admission of evidence regarding other instances of unlawful distribution of cocaine not charged in the indictments. Dozier v. State, 596 So.2d 49, 50
(Ala.Cr.App. 1991). The appellant was retried in 1992 and was again convicted and was given the same sentences. She raises three issues on this direct appeal from the 1992 convictions.
 I.
The trial court did not commit reversible error in denying the appellant's motion for a continuance.
The appellant was represented at her first trial and on appeal by attorney Terry Bullard, who was appointed on July 18, 1989. The appellant's retrial was scheduled for September 29, 1992. On the afternoon of September 28, 1992, Bullard became ill and was hospitalized. At that time, attorney Thomas W. Sorrells "took over" the appellant's case. Although the appellant is indigent, there is no order in the record on appeal appointing Mr. Sorrells to represent her.
On September 30, 1992, Sorrells moved for a continuance, stating:
 "Your Honor, I have talked to Mrs. Dozier and I think it is incumbent upon me to make a motion for continuance based on the fact that Mr. Bullard being ill and is in the hospital, that I was going to try the case for her. And I have discussed this with her and she has requested this motion be made, Your Honor, on the record." Supp.R. 4.
After ascertaining that the appellant had signed a "document entitled 'Notice of Conflict of Interest' dated 9-16-92, in which she was critical of Mr. Bullard's representation of her," the trial court denied the motion. Supp.R. 4. In this pro se "notice" the appellant claimed that attorney Bullard was ineffective in representing her at her first trial. R. 319-20. The appellant was tried on September 30 and October 1, 1992.
The motion for a new trial filed by attorney Sorrells contains the following ground:
 "The undersigned counsel for the Defendant was notified that he would have to try the above styled case only 24 hours before having to go to trial. At that point the undersigned counsel had never been involved in the case and was not familiar with any of the facts or evidence of the case. The short period of time between the entry of the Defendant's counsel into the case and the trial of the case (24 hours) prevented defense counsel from having sufficient time to investigate the facts of the case, to view the physical scene of the alleged defense [sic], and to discover witnesses who might be beneficial to the Defendant." R. 340. *Page 139 
The appellant is represented on this appeal by attorney Bullard.
While we do not approve of the actions of the trial court, we do not find a clear abuse of discretion in the denial of the motion for a continuance.
 "In Ex parte Saranthus, 501 So.2d 1256 (Ala. 1986), the Alabama Supreme Court addressed the issue of a pretrial continuance:
 " 'A motion for a continuance is addressed to the discretion of the court and the court's ruling on it will not be disturbed unless there is an abuse of discretion. Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973). If the following principles are satisfied, a trial court should grant a motion for continuance on the ground that a witness or evidence is absent: (1) the expected evidence must be material and competent; (2) there must be a probability that the evidence will be forthcoming if the case is continued; and (3) the moving party must have exercised due diligence to secure the evidence. Knowles v. Blue, 209 Ala. 27, 32, 95 So. 481, 485-86
(1923).'
 "Saranthus, 501 So.2d at 1257. ' "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921
(1964).' Glass v. State, 557 So.2d 845, 848
(Ala.Cr.App. 1990).
 " 'The reversal of a conviction because of the refusal of the trial judge to grant a continuance requires "a positive demonstration of abuse of judicial discretion." Clayton v. State, 45 Ala. App. 127, 129, 226 So.2d 671, 672 (1969).' Beauregard v. State, 372 So.2d 37, 43 (Ala.Cr.App.), cert. denied, 372 So.2d 44 (Ala. 1979). A 'positive demonstration of abuse of judicial discretion' is required even where the refusal to grant the continuance is 'somewhat harsh' and this Court does not 'condone like conduct in future similar circumstances.' Hays v. State, 518 So.2d 749, 759
(Ala.Cr.App. 1985), affirmed in part, reversed on other grounds, 518 So.2d 768 (Ala. 1986), cert. denied, 485 U.S. 929, 108 S.Ct. 1099, 99 L.Ed.2d 262 (1988). See also Connor v. State, 447 So.2d 860, 863 (Ala.Cr.App. 1984) (no abuse of discretion found although court did not 'approve of the manner in which this case was handled')."
McGlown v. State, 598 So.2d 1027, 1028-29 (Ala.Cr.App. 1992)
We have previously held that, under the particular circumstances presented, the denial of a motion for a continuance where defense counsel has had only 24 hours to prepare for trial is not an abuse of discretion. SeeSpellman v. State, 469 So.2d 695, 698 (Ala.Cr.App. 1985) (denial not error where counsel had only approximately 24 hours to prepare for juvenile transfer hearing where the court had advised counsel of the evidence against the juvenile, what witnesses would be presented, and that "there would be no further inquiry into the facts . . . [and] thus no specific preparation was necessary on this issue"); Gosha v. State,442 So.2d 138, 141 (Ala.Cr.App. 1983) (denial not error where counsel had less than 24 hours to prepare for prosecution for trafficking in cocaine where defendant discharged retained counsel 12 days before scheduled trial after having been admonished that trial judge would probably not continue case on basis of discharge of counsel and defendant's attitude indicated "that he did not care to retain an attorney, even though he was financially able to do so," and where trial court ordered previously retained attorney to be present at trial to assist the defendant if requested).
 "The decision to grant or deny any continuance rests within the discretion of the trial judge. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). A defendant appealing the denial of a continuance must demonstrate a clear abuse of the trial judge's discretion and make a special showing of prejudice. Ungar, supra; Beauregard v. State, 372 So.2d 37, 43
(Ala.Cr.App.), cert. denied, Ex parte Beauregard, 372 So.2d 44 (Ala. 1979). This Court must determine whether or not there has been an abuse of discretion in *Page 140 
light of the circumstances of each case, looking particularly to those reasons the defendant presented to the trial judge. Ungar, 376 U.S. at 589, 84 S.Ct. at 849."
Tucker v. State, 429 So.2d 1165, 1169 (Ala.Cr.App. 1983). "[N]ormally, a reviewing court determines the correctness of a trial court's ruling 'as of the time when it was made and according to what the record shows was before the lower court at that time.' " Henry v. State, 468 So.2d 896, 899
(Ala.Cr.App. 1984), cert. denied, 468 So.2d 902 (Ala. 1985).
A defendant who contends that the denial of a continuance denied him his constitutional right to the effective assistance of counsel "has the burden of proving prejudice by making a showing that he . . . did not receive 'a fair trial, a trial whose result is reliable.' " Ex parte Hays, 518 So.2d 768, 772
(Ala. 1986), cert. denied, 485 U.S. 929, 108 S.Ct. 1099,99 L.Ed.2d 262 (1988) (defendant put to trial under new indictment handed down less than 24 hours prior to trial). "In cases involving denial of assistance of counsel, counsel's conflict of interest, or state interference with counsel's assistance, prejudice will be presumed, . . . but in all other cases, prejudice must be 'affirmatively' proved." Ex parte Yelder,575 So.2d 137, 138 (Ala.), cert. denied, ___ U.S. ___,112 S.Ct. 273, 116 L.Ed.2d 225 (1991).
Here, based on the reasons presented to the trial judge and the appellant's failure to make an affirmative showing of prejudice, we cannot state that the judge clearly or grossly abused his discretion in denying the requested continuance. Defense counsel's request for a continuance was perfunctory and superficial. It was based specifically on his client's request and not on the stated fact that he was unprepared for trial. The motion for a new trial contains no allegation that trial counsel was ineffective. Indeed, at trial, defense counsel was aggressive in his defense of the appellant. "It is not the function of this Court to substitute its judgment for that of the trial court." McGlown, 598 So.2d at 1029.
 II.
At trial, the prosecution used a transcript of the testimony the State's drug analyst, Joseph Saloom, had given at the appellant's first trial to establish the identity of the cocaine. The attorney general concedes that this was error. Appellee's brief at 9.
It appears that Saloom, although under subpoena by the State, informed the prosecutor shortly before trial that he would be in Virginia on the day scheduled for trial. The prosecutor, instead of requiring the witness to obey the subpoena or requesting a continuance, obtained a pretrial ruling from the presiding circuit judge, over the objection of the appellant, that the transcript would be admissible. Here, the State completely failed to exercise due diligence in securing the witness's attendance at trial. "The party offering the transcript of the testimony of a witness from a prior judicial proceeding has the burden of showing that the party has exercised due diligence in securing the attendance of the witness." Pettway v. State, 597 So.2d 737, 738
(Ala.Cr.App. 1992).
By admitting the transcript of Saloom's prior testimony, the trial court violated the appellant's constitutional right under the Sixth Amendment's confrontation clause. Therefore, we must reverse the trial court's judgment unless we find the error was "harmless beyond a reasonable doubt." Chapman v. California,386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).
Here, there has never been any objection to the chain of custody of the cocaine. There has never been any dispute as to the identity of the seized material. The appellant's defense was one of mistaken identity. The jury was not informed that the appellant had been tried previously. In using the expert's prior testimony, the trial court referred to a "prior proceeding" and did not mention a previous trial — just as defense counsel had done in using prior testimony to cross-examine State's witness Becky Dodson. Under the particular circumstances of this case, we are of the opinion that the admission of Saloom's prior testimony was harmless.
 III.
The record on appeal does not support the appellant's contention that a mistrial *Page 141 
was required because of improper conduct between the foreman of the jury and an undercover police officer who was a prosecuting witness.
Sometime during a recess in the trial of this case, juror Robert Davis, who was subsequently selected the foreman of the jury, had a brief conversation with the State's main witness, Officer Becky Dodson. An evidentiary hearing was held and Davis testified that he had not discussed the facts of this case with Officer Dodson, that the conversation was "general," and that the conversation lasted approximately "two minutes at the most." R. 248. Davis testified that he did not "think it would affect [him] in any way," and that it would not "tend to make [him] believe Dodson's testimony more so than any other testimony." R. 250. Officer Dodson testified that juror Davis initiated the conversation, which she said lasted "maybe five minutes." R. 242. Her testimony corroborated Davis's testimony that the case was not discussed.
Under these circumstances, the motion for a mistrial was properly denied. Hicks v. State, 473 So.2d 596, 601
(Ala.Cr.App. 1985).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.